# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| STEVIE N. WEATHERSPOON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| VS. | )     No. 19-1290-JDT-cgc |
| | ) |
| MIKE FELDER, ET AL., | ) |
| | ) |
|     Defendants. | ) |

## ORDER DISMISSING CASE WITH PREJUDICE, CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On January 3, 2020, the Court dismissed the *pro se* complaint filed by Plaintiff Stevie N. Weatherspoon, and granted leave to file an amended complaint. (ECF No. 7.) The Clerk docketed a letter from Weatherspoon on January 15, 2020, in which he includes some additional allegations regarding his claim against Defendant Mike Felder. (ECF No. 8.) The Court will construe the letter as an amendment to Weatherspoon's complaint.

In the amendment, Weatherspoon alleges that he was shackled from wrist to ankles for over fourteen hours while being transported from Portsmouth, Virginia, to the Hardin County Correctional Facility (HCCF) in Savannah, Tennessee. (*Id.* at PageID 22.) He further states he was given only one bottle of water and one bag of chips during the trip and was allowed to go to the bathroom only once after having traveled for about six hours. (*Id.*) Weatherspoon alleges he was not allowed to stretch during the trip and "had to suffer

with the pain" until they reached the HCCF. (*Id.*) While Weatherspoon alleges that Defendant Felder was responsible, he does not explain Felder's exact role. Construing the amendment liberally, the Court will assume Weatherspoon is alleging that Felder was present and was personally responsible for the conditions during the trip. Weatherspoon states he has suffered "mental and physical damages," but does not provide details about any specific physical injuries or mental conditions. (*Id.* at PageID 23.)

The legal standards for assessing the claims in an inmate's complaint were set forth in the prior order of dismissal, (ECF No. 7 at PageID 18-19), and will not be reiterated here.

Weatherspoon presumably was a pre-trial detainee at the time of the alleged events, so his claim arises under the Fourteenth Amendment. *See Winkler v. Madison Cnty.*, 893 F.3d 877, 890 (6th Cir. 2018) (quoting *Phillips v. Roane Cnty.*, 534 F.3d 531, 539 (6th Cir. 2008)). Pre-trial detainees are entitled to the same protection against cruel and unusual punishment as convicted inmates. *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018). The Sixth Circuit "has historically analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims 'under the same rubric.'" *Id.* (quoting *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013)).[1] Thus, to state a

---

[1] Some circuits have modified the standard a pretrial detainee must meet to state a claim under the Fourteenth Amendment after the Supreme Court's holding in *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015). *See Badger v. Chapman*, No. 16-2886-STA-EGB, 2018 WL 5777504, at *6 (W.D. Tenn. Nov. 2, 2018) (discussing cases). For purposes of screening, the Court will apply the Eighth Amendment's deliberate indifference standard to Weatherspoon's Fourteenth Amendment conditions-of-confinement claim. *See id.*

2

claim under the Fourteenth Amendment, Weatherspoon must satisfy both an objective and a subjective component. *Id.* at 937-38.

The objective component requires that the deprivation be "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The conditions of confinement may be considered cruel and unusual when they deprive inmates of "the minimal civilized measure of life's necessities as measured by a contemporary standard of decency." *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *see Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). To satisfy the subjective component, "the detainee must demonstrate that the defendant possessed a sufficiently culpable state of mind." *Winkler*, 893 F.3d at 891 (quoting *Spears v. Ruth*, 589 F.3d 249, 254 (6th Cir. 2009)). The plaintiff must show that the officials acted with "deliberate indifference" to a substantial risk that the inmate would suffer serious harm. *Farmer*, 511 U.S. at 834; *Wilson v. Seiter*, 501 U.S. 294, 303 (1991). A defendant has a sufficiently culpable state of mind if he "knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. 837.

Some courts have held that deprivation of food for more than three or four days may be enough to state a constitutional violation. *See Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999) (no food for three or four days at a time); *Cooper v. Sheriff of Lubbock Cnty.*, 929 F.3d 1078, 1082-83 (5th Cir. 1991) (no food for twelve days). However, giving an inmate only one bag of chips in a fourteen-hour period does not rise to that level and is not sufficiently serious to satisfy the objective component of a Fourteenth Amendment violation.

Weatherspoon further alleges he was given only one bottle of water and allowed to go to the bathroom only once during the lengthy trip, but he does not assert that he needed to relieve himself so urgently that he was forced to urinate on himself or soil himself. The Sixth Circuit has "previously held that deprivations of fresh water and access to the toilet for a 20-hour period, while harsh," was not a constitutional violation. *Hartsfield v. Vidor*, 199 F.3d 305, 309-10 (6th Cir. 1999) (citing *Stephens v. Carter Cnty. Jail*, 816 F.2d 682 (Table), 1987 WL 36997(6th Cir. 1987)). Weatherspoon also does not allege any aggravating circumstances that caused him to be unusually thirsty, such as excessive heat or a medical condition. *See generally Hope v. Pelzer*, 536 U.S. 730 (2002) (prisoner deprived of water and access to a toilet while chained to an outdoor hitching post in Alabama heat); *Baker v. Goodrich*, 649 F.3d 428 (6th Cir. 2011) (inmate deprived of food and water and bathroom access for twelve hours while his hands were cuffed behind his back). While Weatherspoon alleges he was shackled from wrists to ankles, he does not contend he was unable to eat and drink or to use the bathroom when he was allowed to do so. These allegations do not satisfy the objective component of a Fourteenth Amendment violation.

Weatherspoon also has not alleged that Defendant Felder knew of and disregarded an excessive risk to his health or safety. He does not contend he asked Felder for more food, water or bathroom stops and was refused. Additionally, though Weatherspoon alleges he was not allowed to stretch during the trip and "had to suffer with the pain for hours" until arriving at the HCCF, he does not allege that he ever told Felder he was in

pain. Weatherspoon therefore has not sufficiently alleged the subjective component of a Fourteenth Amendment violation.

For the foregoing reasons, Weatherspoon's amendment fails to state a claim on which relief can be granted. This case is DISMISSED with prejudice in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to further amend is DENIED.

Pursuant to Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Weatherspoon in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. Therefore, it is CERTIFIED that any appeal in this matter by Weatherspoon would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Weatherspoon nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures in the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). *McGore* sets out specific procedures for implementing the PLRA. Therefore, Weatherspoon is instructed that if he wishes to take advantage of the installment method for paying the appellate filing fee, he must comply with the PLRA and *McGore* by

filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account statement for the last six months.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Weatherspoon, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This strike shall take effect when judgment is entered. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                                s/ **James D. Todd**
                                                JAMES D. TODD
                                                UNITED STATES DISTRICT JUDGE